UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-00051 |
| GERARD HARRISON | SECTION "M"(1) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B), 18 U. S. C. 4244 and LcR5.1.** A competency hearing was conducted on November 26, 2018. (Rec. doc. 247)

### I. Background

#### A. Factual Background

Gerard Harrison ("Harrison") and others were charged in a Second and Third Superseding Indictment for violations of the Federal Controlled Substances Act and the Federal Gun Control Act, (18-cr-00051). (Rec. doc. 129 and148)  According to the government, Harrison possessed a firearm in relation to the distribution of heroin.  The complaint alleges that the DEA and FBI intercepted numerous calls about drug transactions between Harrison and Juan Mosquera-Amari. On May 31, 2018, a detention hearing, which had been reset multiple times before, it was set before the undersigned as a result of the duty calendar of the Court. During the hearing, the government orally moved for a competency evaluation. [1] The Court granted the request and ordered that a written motion for competency evaluation be filed and the Court reset the detention hearing to July 19, 2018.  (Rec. doc. 12)

---

[1] The defendant's counsel later filed a written motion to determine mental competency   on May 31, 2018. (Rec. doc. 12)

1

Thereafter, Harrison was transferred to Colorado for a mental competency assessment and had not returned to the district as of September 18, 2018. (Rec. doc. 205)  As a result, counsel for Harrison filed a motion to continue the competency hearing which was granted, and the matter was continued to November 19, 2018.  (Rec. doc. 206, 239)  The competency hearing took place as scheduled.  During the hearing, the parties stipulated that if called, Dr. Jeremiah Dwyer, Ph.D. would testify to the contents of his report.  Counsel further advised that they did not anticipate calling any other witnesses on the issue of competency.

B.  **The Report**

According to Dr. Dwyer's report, Harrison's formal responses to the competency-specific questions, his conduct during formal evaluation sessions and his overall functioning at the facility indicate that he is presently competent to proceed with the case.  Dr. Dwyer noted that he evaluated Harrison's ability to understand factually and rationally the legal proceedings and his ability to participate in his defense were assessed.  Dr. Dwyer opined that to the extent there were any significant limitations in either or both of these areas that the deficits resulted from a mental difficulty.  (Id.)

According to Dr. Dwyer, Harrison was managing his symptoms effectively through compliance with his medications.  He, however, presented with low frustration tolerance, rigid thinking, irritability and mild verbal impulsivity when asked questions he did not want to answer further, or when educated about issues where the answer was inconsistent with his expectations.

Dr. Dwyer noted that the issues mentioned above were the result of Harrison's personality style, which can make interactions with him difficult at times but are not the result of a mental health impairment nor do they render him incompetent to proceed.  His current functioning, according to Dr. Dwyer, was satisfactory for the case.

Dr. Dwyer further concluded that there was no objective evidence that Mr. Harrison suffers from signs or symptoms of a major mental disorder, such as an affective disorder ( e.g., Bipolar Disorder), psychotic disorder ( e.g. Schizophrenia), or an organic disorder that would impair his present ability to understand the nature and consequences of the court proceedings against him or his ability to properly assist counsel in his defense.  As a result, Dr. Dwyer recommended that Harrison continue to take his mental health medications as prescribed to maintain his current level of functioning. Otherwise, it was Dr. Dwyer's opinion that Harrison is presently competent to proceed with his case.

## II. Standard of Review

The conviction of an accused while he is mentally incompetent is a violation of due process. *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). An accused must have both "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "a rational as well as factual understanding of the proceedings against him." *Washington v. Johnson,* 90 F.3d 950 (E.D. Tex. Mar. 26, 2009)  quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (per curiam ). As a corollary to this substantive right, there must be procedures adequate to guard an accused's right not to stand trial or suffer conviction while incompetent. *Holmes v. King*, 709 F.2d 965, 967 (5th Cir.1983).

Once the defendant's competency has been placed in sufficient doubt, as it has here, the Court must conduct a "full, fair, and meaningful" hearing on the matter to satisfy the defendant's due process rights. *Martin v. Estelle*, 546 F.2d 177, 179 (5th Cir.1977). At this hearing, the government bears the burden of proving, by a preponderance of the evidence, that the defendant

is capable of rational decision making. *United States v. Hutson*, 821 F.2d 1015, 1018 (5th Cir.1987).

The Court having read Dr. Dwyer's report which was uncontradicted and having observed Mr. Harrison during his arraignment, finds that he is competent to proceed forward. In reaching this finding, in addition to Dr. Dwyer's opinion, Harrison understood the charges against him and pled not guilty. The Court further issued an order to the prison facility to maintain Harrison on his medications as recommended by Dr. Dwyer.

### III. Recommendation

**IT IS THEREFORE RECOMMENDED** that Gerard Harrison be deemed competent to proceed in this matter for the reasons assigned above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this day of 26th of November, 2018

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**